IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK RANKINE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al.[1] | : | NO.  07-2709 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                                    May 13, 2008

       In June, 2007, Rankine filed a petition for habeas corpus, presenting several issues for the court's consideration.  Since that time, Rankine has filed numerous motions with the court, seeking to compel discovery (docket entry 4), expert witnesses (docket entry 13), bail (docket entries 14, 20, 32 and 35), the appointment of counsel (docket entries 13, 23, 25, and 35), an evidentiary hearing (docket entries 29) and summary judgment (docket entries 18, 20, 23, and 25).  Rankine repeats many of his habeas claims in his many motions.  At this point, the court is awaiting delivery of the state court record, which is necessary to consider Rankine's claims and the defenses raised by the District Attorney in responding to the petition.  Until I receive and have had an opportunity to review the record, I am not in a position to consider Rankine's many motions.  However, once I have had an opportunity to review the record, I will consider Rankine's filings in

---

[1] At the time Rankine filed his petition, Harry Wilson was the Superintendent of the Fayette State Correctional Instution, and Rankine properly named Mr. Wilson as the respondent.  Rankine has now advised the court that Mr. Wilson has been succeeded by Brian Coleman as Superintendent.  Therefore, I have replaced Mr. Coleman as the respondent in this case.  See Rule 2(a) of the Rules Governing Section 2254 Cases (requiring the state officer with current custody to be named as the respondent).

preparing my Report for the District Court and his requests for discovery, experts, and an evidentiary hearing, if the record requires expansion. Until that time, however, Rankine's motions are dismissed. I will revisit the issues presented in his filings once I have had an opportunity to review the record.[2]

To the extent Rankine challenges the conditions of his confinement in many of his filings, including his prison transfer, treatment by prison officials, and the confiscation of his personal belongings, such claims do not provide the basis for habeas relief. Rather, claims challenging the conditions of confinement are properly brought in a civil rights action, following administrative exhaustion in the prison system.

An appropriate Order follows.

---

[2] Yesterday, my staff inquired into the whereabouts of the record in Rankine's conviction. If our efforts to obtain the file through the Philadelphia Court of Common Pleas fail, we will request a copy of all documentation from the District Attorney's Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK RANKINE                    :     CIVIL ACTION
                                   :
        v.                         :
                                   :
BRIAN COLEMAN, et al.              :     NO.  07-2709

### O R D E R

AND NOW, this    13th    day of   May   , 2008, upon consideration of Petitioner's Motions, IT IS HEREBY ORDERED that Petitioner's Motions to Compel Discovery (docket entry 4), for Expert Witnesses (docket entry 13), for Summary Judgment (docket entries 18, 20, 23, and 25), for Bail (docket entries 14, 20, 32, and 35), for an Evidentiary Hearing (docket entry 29), and for the Appointment of Counsel (docket entries 13, 23, 25, and 35) are DISMISSED.  The court will consider Petitioner's claims and the issues presented in these filings once the record is received and I have had an opportunity to review it.  IT IS FURTHER ORDERED that Petitioner's Motion for Status of His Petition (docket entry 35) IS GRANTED.  Such status is discussed in the accompanying Memorandum.

BY THE COURT:

/s/Elizabeth T. Hey

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE