<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

DERRICK RANKINE,                    )
                                    )   Civil Action
            Petitioner              )   No.  07-cv-02709
                                    )
      v.                            )
                                    )
MICHAEL OVERMYER,[1]                )
THE DISTRICT ATTORNEY OF THE        )
   COUNTY OF PHILADELPHIA, and      )
THE ATTORNEY GENERAL OF             )
   THE STATE OF PENNSYLVANIA,       )
                                    )
            Respondents             )

<u>**O R D E R**</u>

NOW, this 30th day of September, 2014, upon

consideration of the following documents:

> 1)   Petition for Writ of Habeas Corpus by a Person in
>       State Custody ("Petition"), filed by petitioner
>       pro se on October 3, 2007 (Document 6);
>
> 2)   [Memorandum in Support of] Petition for Writ of
>       Habeas Corpus Pursuant to 28 U.S.C. § 2254, which
>       memorandum was filed by petitioner pro se on
>       November 5, 2007 ("Memorandum in Support of
>       Petition") (Document 7);
>
> 3)   Response to Petition for Writ of Habeas Corpus,
>       which response was filed by respondents on
>       February 25, 2008 (Document 21); together with
>
>       a)   Exhibits A through J (Documents 21-1 through
>            21-10);
>
> 4)   Supplemental Response to Petition for Writ of
>       Habeas Corpus, which supplemental response was

---

[1]   Petitioner Derrick Rankine is currently housed at the State
Correctional Institution ("SCI") at Forest, Pennsylvania.  I have renamed as
the initial respondent the current superintendent of the State Correctional
Institution SCI Forest, Michael Overmyer.  <u>See</u> Rules Governing Section 2254
Cases, Rule 2(a) (petition must name as respondent the state officer who
currently has custody of petitioner).

filed by respondents on February 28, 2008 (Document 22); together with

    a)   Exhibits A and B (Documents 22-1 and 22-2);

5)   Reply Brief, filed by petitioner pro se on April 3, 2008 ("Petitioner's Reply Brief") (Document 30);

6)   Supplemental Reply Brief, filed by petitioner pro se on April 7, 2008 ("Petitioner's Supplemental Reply Brief") (Document 31);

7)   Second Supplemental Response to Petition for Writ of Habeas Corpus, which response was filed by respondents on May 16, 2012 (Document 73);

8)   Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated and filed June 29, 2012 ("R&R") (Document 74);[2]

9)   Objection[s] to Magistrate Judge Report and Recommendation, filed by petitioner pro se on July 5, 2012 (Document 76);

10)   Petitioner Derrick Rankine['s Request for Leave to File Affidavits 1A* and 1B*], which request was filed by petitioner pro se on August 8, 2012 (Document 78); together with

    a)   Affidavit 1A* of Derrick Rankine (Document 78); and

    b)   Affidavit 1B* of Derrick Rankine (Document 78);

---

[2]   Magistrate Judge Hey's R&R explains that petitioner "submitted numerous other documents and exhibits which he believes support his claims" (see R&R, page 10, note 12) and that by Order dated and filed May 10, 2012, (Document 72), Magistrate Judge Hey granted various motions submitted by petitioner and stated that all briefs and exhibits attached to them shall be considered in connection with his petition.

    In consideration of the within Petition, I have likewise considered petitioner's other documents and exhibits filed on the docket as Document Numbers 62 (Motion for Leave to File Affidavits), 63 (motion for leave to file exhibits), 68 (Motion to Refile Affidavits), 69 (motion for leave to file exhibits), and 71 (motion for leave to file an eleven-page brief with exhibits addressing default).

11)  Petition for Leave of Court to File Affidavits
     2A1 and 2A2 of Derrick Rankine, which petition
     was filed by petitioner pro se on January 14,
     2013 (Document 79); together with

     a)  Affidavit 2A1 of Derrick Rankine
         (Document 79); and

     b)  Affidavit 2A2 of Derrick Rankine filed
         January 18, 2013 (Document 80);

12)  Petition for Leave of Court to File Affidavits
     M-1, M-2, M-3, and M-4 to Correct Trial and State
     Court Records, which petition was filed by
     petitioner pro se on January 28, 2013
     (Document 81); together with

     a)  Affidavit M-1 of Derrick Rankine
         (Document 81);

     b)  Affidavit M-2 of Derrick Rankine
         (Document 81);

     c)  Affidavit M-3 of Derrick Rankine
         (Document 81); and

     d)  Affidavit M-4 of Derrick Rankine
         (Document 81);

it appearing that petitioner's requests, listed above as

Documents 10, 11, and 12, all seek leave of court to file

certain affidavits of petitioner, which petitioner attached to

his requests; it further appearing that such affidavits

(Affidavits 1A*, 1B*, 2A1, 2A2, M-1, M-2, M-3, and  M-4) do not

offer new facts or legal argument, but rather reassert facts and

argument which are contained in petitioner's Petition for Writ

of Habeas Corpus by a Person in State Custody;[3] it further

appearing that petitioner's objections to Magistrate Judge Hey's

---

[3]     Affidavit 1A* of Derrick Rankine is a three-page affidavit which
avers that security camera pictures from Rite Aid which showed that the
complainant was in Rite Aid at the alleged time of the attack were knowingly
suppressed from the jury.  Affidavit 1B* of Derrick Rankine is a three-page
affidavit which avers that the Rite Aid store payroll which shows that
complainant was in Rite Aid from 9:00 o'clock a.m. to 9:00 o'clock p.m. on
August 12, 1999 was knowingly suppressed from the jury.

        Affidavit 2A1 of Derrick Rankine is a two-page affidavit which
similarly avers that the pictures from the security camera in the Rite Aid
store, which show that the complainant was in the store, were knowingly
suppressed during petitioner's trial and that the judge at petitioner's trial
cited petitioner for contempt for attempting to show these pictures.
Affidavit 2A2 of Derrick Rankine is a three-page affidavit which avers that
the Rite Aid store payroll records, which showed that the complainant was in
Rite Aid from 9:00 o'clock a.m. to 9:00 o'clock p.m. on August 12, 1999, were
knowingly suppressed from the jury.

        On October 3, 2007 petitioner completed and filed a standard form
for use in applications for habeas corpus under 28 U.S.C. § 2254.  The form
is titled Petition for Writ of Habeas Corpus by a Person in State Custody
(Document 6).

        Paragraph 12 of the form petition states, in part, "state
*concisely* every ground on which you claim that you are being held unlawfully.
Give specific facts supporting each ground." (Emphasis in original.)
Paragraph 12 appears on pages 8, 9 and 10 of the preprinted form (designated
in Document Number 6 on the docket as pages 15 of 36, 17 of 36 and 19 of 36,
respectively).

        Page nine of the preprinted form (page 17 of 36 of Document 6)
provides spaces for alleging four grounds for habeas corpus relief and
supporting facts for each ground, as follows: "A. Ground one:", "B. Ground
two:", "C. Ground three:", and "D. Ground four:".

        In a hand-written sixteen-page supplement to paragraph 12 of the
preprinted form (numbered with even numbers on pages 2 of 36, 4 of 36, 6 of
36, etc. through 32 of 36 in Document 6), petitioner details his twelve
grounds for habeas corpus relief together with supporting facts.  Petitioner
refers to paragraph 12 in his petition as "Question 12", but his numbering
and labeling of each ground for habeas corpus relief is inconsistent, for
example: (12A), (12b), (12e), (12E), Ground E, Question E, Ground (G).,
Question 12(G).) Ground J., Question 12 Ground (J)., Question 12 Ground J.,
Question 12J, etc.

        In the following discussion, I will utilize petitioner's
(inconsistent) labeling.

(Footnote 3 continued):

Report and Recommendation are, with the exception of the objection discussed in footnote 5 below, a restatement of arguments raised by petitioner in his Petition, Memorandum in Support of Petition, Petitioner's Reply Brief, and Petitioner's Supplemental Reply Brief; it further appearing, after de novo review of this matter,[4] that the Report and Recommendation of

---

(Continuation of footnote 3):

Paragraph 4 of petitioner's response to Question (12A) in his Petition describes these same allegations that the security camera pictures and payroll records, which would have shown that the complainant was in Rite Aid at the time of the alleged rape, were suppressed during petitioner's trial.

Affidavit M-1 of Derrick Rankine is a two-page affidavit which avers that Gary Server, Esquire, offered to get the case against petitioner dismissed for $100,000. Affidavit M-2 of Derrick Rankine is a two-page affidavit which avers that Keith Dews, Esquire, attempted to blackmail petitioner out of $70,000. Affidavit M-3 of Derrick Rankine is a two-page affidavit which avers that Albert Raman, Esquire, asked petitioner's family for $50,000 and offered to get the judge to dismiss the case against petitioner if the $50,000 was paid. Affidavit M-4 of Derrick Rankine is a three-page affidavit which avers that Alston B. Meade, Esquire, demanded petitioner's family go to Attorney Mead's office to be blackmailed, and because petitioner's family refused, Attorney Mead retaliated against petitioner.

Paragraph 2 of petitioner's response to Question (12b), and petitioner's response to Question 12 Ground E in his Petition both describe the same allegations of alleged attempted bribery by Attorneys Server, Dews, Raman, and Mead and similar allegations of retaliation.

[4]   When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the

(Footnote 4 continued):

Magistrate Judge Hey correctly determined the pertinent legal

and factual issues presented in the petition for habeas corpus

relief,

IT IS ORDERED that the objections of petitioner to the

Report and Recommendation of Magistrate Judge Hey are overruled.[5]

---

(Continuation of footnote 4):

exercise of his or her sound discretion, the option of placing whatever
reliance the court chooses to place on the magistrate judge's proposed
findings and conclusions.  I may accept, reject or modify, in whole or in
part any of the findings or recommendations made by the magistrate judge.
Raddatz, supra.

[5]     Petitioner raises twelve objections to the Report and
Recommendation of Magistrate Judge Hey. (See generally Objections to
Magistrate Judge Report and Recommendation).

        Petitioner claims that "during trial Ms. Barabara McFadden
testified that the complainant did not told [sic] her of and reported this
rape allegation until August 13, 1999 at 12 p.m., even though the complainant
worked at 801 South Ninth Street on August 12, 1999 from 9 a.m. to 9 p.m.
with Ms. McFadden." (See Objections to Magistrate Judge Report and
Recommendation, page 5).  Petitioner alleges that the Superior Court of
Pennsylvania, trial court and the District Attorney all agreed that this fact
was true, and therefore all defaulted claims should be addressed to prevent a
fundamental miscarriage of justice.

        I conclude that petitioner's objection regarding a miscarriage of
justice is without merit.  As correctly determined by Magistrate Judge Hey,
petitioner has failed to show that a failure to address his defaulted claim
would result in a miscarriage of justice. (R&R page 25-27).

        In order to establish that a fundamental miscarriage of justice
would occur if petitioner's defaulted claims were not addressed, petitioner
must supplement his claim with a "colorable showing of factual innocence."
McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517,
545, (1991).

        Petitioner's offered evidence does not establish a colorable
showing of factual innocence, but rather is merely a reassertion of
an allegation which petitioner made throughout trial.  See Schlup v. Delo,
513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808, 834 (1995) which held
that "to be credible, such a claim requires petitioner to support his
allegations of constitutional error with new reliable evidence —- whether it
be exculpatory scientific evidence, trustworthy eyewitness accounts, or
critical physical evidence —- that was not presented at trial."

(Footnote 5 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Hey is approved and adopted.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus by a Person in State Custody is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that Petitioner Derrick Rankine['s Request for Leave to File Affidavits 1A* and 1B*] is dismissed as moot.

IT IS FURTHER ORDERED that the Petition for Leave of Court to File Affidavits 2A1 and 2A2 of Derrick Rankine is dismissed as moot.

---

(Continuation of footnote 5):

        Accordingly, I overrule petitioner's objection regarding a miscarriage of justice.

        With the exception of the one objection discussed above, Plaintiff's Objections to Magistrate Judge Hey's Report and Recommendation largely restate the arguments contained in his Petition, Memorandum in Support of Petition, Petitioner's Reply Brief and Petitioner's Supplemental Reply Brief. Moreover, upon review of the Report and Recommendation, together with de novo review of the record in this action, I conclude that the Report and Recommendation correctly determines the pertinent legal and factual issues presented by petitioner. Accordingly, I approve and adopt Magistrate Judge Hey's Report and Recommendation and overrule petitioner's remaining objections to it.

IT IS FURTHER ORDERED that the Petition for Leave of Court to File Affidavits M-1, M-2, M-3, and M-4 to Correct Trial and State Court Records is dismissed as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.


BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge